NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

MAR 25 2016

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| JOSE ORELLANA COTO, | No. 13-74098 |
| Petitioner, | Agency No. A094-454-080 |
| v. | |
| LORETTA E. LYNCH, Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted March 15, 2016[**]

Before:     GOODWIN, LEAVY and CHRISTEN, Circuit Judges.

Jose Orellana Coto, a native and citizen of El Salvador, petitions for review

of the Board of Immigration Appeals' ("BIA") order dismissing his appeal from an

immigration judge's decision denying his application for withholding of removal

and protection under the Convention Against Torture ("CAT").   We have

---

[*]      This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]      The panel unanimously concludes this case is suitable for decision
without oral argument.   *See* Fed. R. App. P. 34(a)(2).

jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence the agency's factual findings. *Silaya v. Mukasey*, 524 F.3d 1066, 1070 (9th Cir. 2008). We deny the petition for review.

Substantial evidence supports the BIA's determination that even if Orellana Coto was credible, he failed to establish past persecution or a clear probability of future persecution on account of a protected ground. *See Parussimova v. Mukasey*, 555 F.3d 734, 741 (9th Cir. 2009) (under the REAL ID Act, "to demonstrate that a protected ground was 'at least one central reason' for persecution, an applicant must prove that such ground was a cause of the persecutors' acts"). Thus, Orellana Coto's withholding of removal claim fails. *See Zetino v. Holder*, 622 F.3d 1007, 1016 (9th Cir. 2010).

Substantial evidence also supports the BIA's denial of Orellana Coto's CAT claim because he failed to establish it is more likely than not he would be tortured by or with the consent or acquiescence of the government if returned to El Salvador. *See Silaya*, 524 F.3d at 1073. We reject Orellana Coto's contention that the BIA did not consider his claim properly.

**PETITION FOR REVIEW DENIED.**